UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> INVISION EXCAVATING & CONTRACTING, LLC, <br><br> Defendant. | Case No. 4:18 CV 1278 (JMB) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel an accounting following entry of default against defendant InVision Excavating & Contracting, LLC. Defendant was served with a summons and a copy of the complaint on September 27, 2018, and have not filed answers or otherwise appeared in this matter. On November 6, 2018, the Clerk of Court entered default against defendants.

Plaintiffs bring this action to collect delinquent fringe benefit contributions pursuant to Section 301 of the Labor Management Relations Act of 1974, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1132. Plaintiffs are the Local 513, International Union of Operating Engineers, AFL-CIO (the Union) and five employee benefit plans (the Pension, Welfare, Supplemental Vacation, Annuity, and Joint Apprenticeship Training and their trustees (collectively, the Funds)). According to the complaint, defendant InVision Excavating & Contracting, LLC, is bound by a collective bargaining agreement with the Union and is obligated to make contributions to the Funds and file

monthly contribution reports. Plaintiffs allege that defendant has failed to submit reports and make contributions to the Funds and is liable for unpaid contributions, interest, and liquidated damages. They now move for an order to compel an accounting for the period from November 2014 through the present date.

Rule 55(b)(2)(A) of the Federal Rules of Civil Procedure allows a court to enter an order compelling an accounting when necessary to enter or effectuate a judgment. In the present case, the plaintiffs cannot determine the full amount of unpaid contributions and liquidated damages that are owed to them without conducting an audit of the defendants' books and records for the period from November 2014 through the present. The information obtained through the audit is necessary to enable the Court to enter judgment in the correct amount and, therefore, the plaintiffs' motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel an accounting [Doc. #9] is **granted**.

**IT IS FURTHER ORDERED** that, not later than **December 31, 2018**, defendant InVision Excavating & Contracting, LLC, shall produce for inspection by plaintiffs all individual compensation records, payroll registers, payroll journals, time cards, cash disbursement ledgers, bank statements and other documents reflecting or pertaining to all hours worked by and wages paid to employees of InVision Excavating & Contracting, LLC, for the period beginning November 2014 through present.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to defendant InVision Excavating & Contracting, LLC, at the following address:

> Brian Pogue, Registered Agent
> 1912 Atkinson Road
> High Ridge, MO 63049

/s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2018.